IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAYRA SUAREZ, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>EMIRATES,<br><br>               Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Sayra Suarez ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit regarding Defendant Emirates' ("Emirates Airlines" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant Emirates Airlines has cancelled a vast percentage of their international and United States flights. However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide

1

refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[1]  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[2]

4. Emirates Airlines is the national flag carrier of the United Arab Emirates and the largest airline in the Middle East.  Emirates Airlines carried over 4 million passengers on its U.S. routes in 2018.[3]  Emirates Airlines' business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

5. Emirates Airlines suspended all flight operates from March 25, 2020.[4]

6. Plaintiff, like many other travelers, was scheduled to fly with Emirates Airlines. Plaintiff's flights were scheduled to depart from or arrive in the United States:  a departing flight from Fort Lauderdale, Florida to Dubai, UAE, and a return flight from Dubai to Fort Lauderdale.

7. Plaintiff's tickets were booked through the website, Orbitz.com.

8. Plaintiff's departing flight was cancelled by Emirates Airlines due to the coronavirus travel restrictions.

---

[1] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed May 8, 2020) (hereinafter "DOT NOTICE") (emphasis added).

[2] *See id*.

[3] EMIRATES AND THE US, https://www.emirates.com/us/english/about-us/our-communities/our-global-presence/emirates-and-the-united-states/ (last accessed May 8, 2020).

[4] Layan Odeh, *World's Largest Long-Haul Airline to Halt All Flights*, BLOOMBERG, Mar. 22, 2020, https://www.bloomberg.com/news/articles/2020-03-22/emirates-to-suspend-all-passenger-operations-from-march-25 (last accessed May 8, 2020).

9. Upon discovering her departing flight was cancelled, Plaintiff attempted to request a refund from Emirates Airlines, Orbitz.com, and her credit card companies.

10. Plaintiff never received a full refund from Emirates Airlines. Plaintiff was only offered a travel voucher by Orbitz.com, not a cash refund.

11. Defendant was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when Emirates Airlines cancelled her flight.

12. Emirates Airlines also represents in its Conditions of Carriage that "if we cancel a flight," Emirates Airlines will issue a refund in "an amount equal to the fare paid (including taxes, fees, charges and exceptional circumstances surcharges paid) if no portion of the Ticket has been used."[5]

13. Defendant's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[6] The DOT Enforcement Notice applies to "U.S. and foreign airlines."[7]

14. Emirates Airlines' consumers have excoriated Emirates Airlines' refusal or failure to provide its customers with refunds. For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

---

[5] EMIRATES AIRLINES CONDITIONS OF CARRIAGE § 10.2.1(a), https://c.ekstatic.net/ecl/documents/conditions-of-carriage/US/English/conditions-of-carriage.pdf (last accessed May 8, 2020).

[6] DOT NOTICE

[7] *Id*.

May 7, 2020 Review:[8]



May 5, 2020 Review:



April 2020 Review:[9]



---

[8] EMIRATES AIRLINES REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729069-Reviews-Emirates (last accessed May 8, 2020).

[9] EMIRATES AIRLINES REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729069-Reviews-or10-Emirates-Airlines.html#REVIEWS (last accessed April 27, 2020).

April 2020 Review:[10]



15.     Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, (iii) breach of contract, and (iv) money had and received.

## PARTIES

16.     Plaintiff Sayra Suarez is a citizen of the State of Florida and resides in Miramar, Florida.  In February 2020, Ms. Suarez purchased tickets for herself and two friends for flights on Emirates Airlines.  Ms. Suarez's flights either departed from or were destined for the United States:  a departing flight from Fort Lauderdale, Florida to Dubai, UAE on May 12, 2020, and a return flight from Dubai to Fort Lauderdale on May 19, 2020.  Ms. Suarez booked these flights through Orbitz.com.  Ms. Suarez paid approximately $727 for each round-trip ticket for a total price of approximately $2321.  At the time that Ms. Suarez purchased the tickets, she understood that she would be entitled to a refund from Defendant if the flight was cancelled.  In March 2020, Ms. Suarez's flights were cancelled by Defendant due to the coronavirus, COVID-19.  Ms. Suarez requested a refund from Defendant, Orbitz.com, and her credit card companies.

---

[10] EMIRATES AIRLINES REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729069-Reviews-or25-Emirates-Airlines.html#REVIEWS (last accessed May 8, 2020).

Defendant never responded to Ms. Suarez. Ms. Suarez's credit card companies disputed the charge to no avail. And Orbitz.com only issued a travel voucher, not a cash refund as Ms. Suarez had requested.

17. Defendant Emirates is a foreign corporation organized under the laws of the United Arab Emirates. Defendant Emirates Airlines is a subsidiary of The Emirates Group. Defendant's principal place of business in the United States is at 55 East 59th Street, New York, New York 10022. Defendant Emirates Airlines conducts substantial business throughout the United States, including in the State of New York.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19. This Court has personal jurisdiction over this action because Defendant maintains its principal place of business in this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Emirates Airlines, as a foreign entity, may be sued in any judicial district.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following "Class":

> All persons in the United States who purchased tickets for travel on an Emirates Airlines flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

6

22. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

23. Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

24. **Numerosity.** The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Members of the Class may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

25. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for a Emirates Airlines flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class. Further, the factual bases of

Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

26. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

    (a) Whether Defendant failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

    (b) Whether Defendant is liable to Plaintiff and the Class for unjust enrichment;

    (c) Whether Defendant unlawfully converted money from Plaintiff and members of the Class; and

    (d) Whether Plaintiff and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

28. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against

them.  Furthermore, even if members of the Class could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

29. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
**Unjust Enrichment**

30. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

31. Plaintiff brings this claim on behalf of herself and members of the Class against Defendant.

32. Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to a significant schedule change by Emirates Airlines.

33. Defendant has knowledge of these benefits.

34. Defendant voluntarily accepted and retained this benefit. Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

35. Because this benefit was obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by Emirates Airlines, it would be unjust and inequitable for the Defendant to retain it without paying the value thereof.

## COUNT II
### Conversion

36. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

38. Plaintiff and members of the Class have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

39. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Class paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by Emirates Airlines.

40. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by Emirates Airlines, and in the amount of consequential damages resulting therefrom.

## COUNT III
### Breach of Contract

41. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

42. Plaintiff brings this claim on behalf of herself and members of the Class.

43. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

44. Defendant has breached these contracts by retaining Plaintiff and members of the Class' ticket prices while not providing flight services.

45. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT IV
### Money Had And Received

46. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

47. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

48. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class.

49. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class.

50. Defendant obtained roughly money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class. However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class were supposed to be passengers on.

51. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of compensatory, statutory, and punitive damages, in an amount to be determined;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 8, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**BURSOR & FISHER, P.A.**

　　　　　　　　　　　　　　　　　　By:   */s/ Andrew J. Obergfell*
　　　　　　　　　　　　　　　　　　　　　　Andrew J. Obergfell

　　　　　　　　　　　　　　　　　　Andrew J. Obergfell
　　　　　　　　　　　　　　　　　　Max S. Roberts
　　　　　　　　　　　　　　　　　　888 Seventh Avenue, Third Floor
　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　Telephone: (646) 837-7150
　　　　　　　　　　　　　　　　　　Facsimile: (212) 989-9163
　　　　　　　　　　　　　　　　　　Email: aobergfell@bursor.com
　　　　　　　　　　　　　　　　　　　　　　mroberts@bursor.com

　　　　　　　　　　　　　　　　　　**BURSOR & FISHER, P.A.**
　　　　　　　　　　　　　　　　　　Yeremey Krivoshey (*Pro Hac Vice Forthcoming*)
　　　　　　　　　　　　　　　　　　1990 North California Blvd., Suite 940
　　　　　　　　　　　　　　　　　　Walnut Creek, CA 94596
　　　　　　　　　　　　　　　　　　Telephone: (925) 300-4455
　　　　　　　　　　　　　　　　　　Facsimile: (925) 407-2700
　　　　　　　　　　　　　　　　　　Email: ykrivoshey@bursor.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*